UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RECK-N-RACK LLC,

        Plaintiff,

   v.                                       Case No. 22-cv-0503-bhl

JUST ENCASE PRODUCTS INC,

        Defendant.

## ORDER GRANTING MOTION TO DISMISS

      On April 8, 2022, Plaintiff Reck-n-Rack LLC (RNR) filed this lawsuit in Waukesha County Circuit Court, alleging that Defendant Just Encase Products Inc. (Just Encase) violated Wisconsin's "patent trolling" statute, Wis. Stat. Section 100.197(2)(b), by falsely accusing RNR of patent infringement. (ECF No. 1-1 ¶44.) Just Encase removed the case to this Court on April 27, 2022, (ECF No. 1), and has now moved to dismiss, arguing that RNR's claim is preempted by federal patent law, which generally protects the right of patentholders to communicate their patent rights to potential infringers as long as they do not do so in bad faith. (ECF Nos. 5 & 6.) Because RNR has not pleaded that Just Encase acted in bad faith, the motion to dismiss will be granted, but the Court will allow RNR 14 days to file an amended complaint (if it chooses) that corrects this pleading failure.

### FACTUAL BACKGROUND[1]

      Reck-n-Rack is a Wisconsin limited liability corporation based in Waukesha, Wisconsin that designs and produces fishing lure and tool organization products. (ECF No. 1-1 ¶¶1, 7.) Reck-n-Rack is owned by Joshua Recknagel. (*Id.* ¶8.) Just Encase is a corporation based in Excelsior, Minnesota that manufactures and sells clear storage containers for fishing tackle, liquor, and computer hardware. (*Id.* ¶¶2, 9.) Just Encase is the assignee of U.S. Patent No. 8,016,106, which was invented by its chief executive officer, Robert J. Schmitt. (*Id.* ¶¶10–12.)

---

[1] The Factual Background is derived from Plaintiff's complaint, ECF No. 1-1, the allegations in which are presumed true for purposes of the motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–56 (2007).

In the late summer of 2021, Recknagel heard reports that Schmitt was telling fishing equipment and tacklebox dealers that Recknagel was infringing Schmitt's patent. (*Id.* ¶13.) According to the reports, Schmitt also threatened to sue anyone who used or sold RNR's products. (*Id.*) Recknagel responded to these reports by having his counsel send an October 26, 2021 cease-and-desist letter. (*Id.* ¶14.) About a month later, on November 21, 2021, Schmitt and Just Encase replied through their own counsel. Their letter denied that Schmitt had accused Recknagel of patent infringement and disclaimed having threatened to sue anyone for infringement. (*Id.* ¶15.)

Five months after this initial exchange, counsel for Just Encase sent Recknagel and RNR a second letter. (*Id.* ¶¶16–17.) Unlike the first letter, which denied that Schmitt had ever accused Recknagel of infringement, this letter specifically did so. (*Id.* ¶¶16–17; ECF No. 6-3 at 1–5.) The letter included a photograph of an RNR-branded tackle box that Just Encase claimed was "apparently" being offered for sale and that infringed the '106 patent. (ECF No. 1-1 ¶¶16–17.) The letter also provided a link to RNR's website and accused RNR of implementing a number of changes to its advertised product line, while warning that "changes in advertised design do not affect liability for actual infringing sales." (*Id.* at ¶19.) Finally, the letter linked to and included clips from a regional television fishing show that allegedly showed an image of a "likely infringing tackle box product … prominently displayed with a[n] [RNR] logo." (*Id.* ¶¶21–23.) The letter demanded that RNR immediately cease advertising and selling the tackleboxes it described and requested an accounting of allegedly infringing sales. (*Id.* ¶25.) RNR was given until April 8, 2021 to respond. (*Id.* ¶¶25–26.) On the day this deadline was set to expire, RNR filed this lawsuit in state court. (*See* ECF Nos. 1 & 1-1.)

## LEGAL STANDARD

In deciding a Rule 12(b)(6) motion to dismiss, the Court must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff['s] favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016) (citing *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013)). "To survive a motion to dismiss, the complaint must 'state a claim to relief that is plausible on its face.'" *Roberts*, 817 F.3d at 564 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Roberts*, 817 F.3d at 564-65 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The

complaint must do more than recite the elements of a cause of action in a conclusory fashion." *Roberts*, 817 F.3d at 565 (citing *Iqbal*, 556 U.S. at 678).

## ANALYSIS

In its complaint, RNR asserts a single claim for violation of Wis. Stat. §100.197, a statute that regulates patent infringement notifications and creates a state law cause of action for violation of the notification requirements. Just Encase argues dismissal is required because RNR's claim is preempted by federal patent law, which protects patent notifications as long as they are made in good faith. *See Globetrotter Software, Inc. v. Elan Comput. Grp., Inc.*, 362 F.3d 1367, 1374 (Fed. Cir. 2004). More specifically, Just Encase argues the complaint must be dismissed because RNR fails to allege that Just Encase sent its patent notification letter in bad faith. (ECF No. 6 at 3.) In response, Reck-n-Rack insists it has sufficiently alleged bad faith. It also makes a half-hearted challenge to this Court's subject matter jurisdiction, although it does not actually move for remand. (ECF No. 9 at 4 n.1, 5.) Having reviewed the record, the Court concludes that it has jurisdiction over this matter and that Reck-n-Rack has failed to allege bad faith sufficient to avoid federal preemption of its claim.

I. **This Court Has Jurisdiction Because RNR Has Not Shown to a Legal Certainty That the Amount in Controversy Is Less Than $75,000.**

In a footnote, RNR challenges this Court's subject matter jurisdiction. (ECF No. 9 at 4 n.1.) Because this Court has an affirmative duty to confirm its subject matter jurisdiction, *Apex Digit., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009), it will take up the issue even without the benefit of a formal motion and a more fulsome presentation from counsel.

Federal district courts have subject matter jurisdiction over civil actions when the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. §1332(a). As to the first requirement, there is no dispute that the parties are citizens of different states. Just Encase is a Minnesota corporation and thus a citizen of that state. (ECF No. 1-1 ¶2); 28 U.S.C. § 1332(c)(1). RNR is a Wisconsin limited liability company that is owned by Recknagel, who resides in and is a citizen of Wisconsin. *Belleville Catering Co. v. Champaign Mkt. Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003) ("[L]imited liability companies are citizens of every state of which any member is a citizen.") (citing *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998)).

RNR's passing jurisdictional challenge asserts that the amount at issue in this case does not satisfy the amount-in-controversy requirement. (ECF No. 9 at 4 n.1.) It claims its complaint does not seek damages of more than $75,000. (*See id.*; ECF No. 1-1.)

The sum in controversy that is claimed by the proponent of federal jurisdiction "controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938)). In determining the jurisdictional amount, punitive or exemplary damages can be considered where recoverable. *Anthony v. Sec. Pac. Fin. Servs., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996). As the proponent of jurisdiction, Just Encase has the burden of showing that the amount-in-controversy requirement is met by a preponderance of the evidence. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) (citing *Meridian Sec.*, 441 F.3d at 543). Once Just Encase has established the amount in controversy, RNR can defeat jurisdiction only if it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *Meridian Sec.*, 441 F.3d at 541 (quoting *St. Paul Mercury*, 303 U.S. at 288–89); *Oshana*, 472 F.3d at 511; *see also Back Drs. Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 831 (7th Cir. 2011) ("When a plaintiff does not tie its own hands, the defendant is entitled to present a good-faith estimate of the stakes. If that estimate exceeds the jurisdictional minimum, it controls and allows removal unless recovery exceeding the jurisdictional minimum would be legally impossible."). The amount in controversy is analyzed as of the time of removal. *Oshana*, 472 F.3d at 511.

Just Encase insists the record confirms the jurisdictional minimum is satisfied. It points to allegations in the complaint that Just Encase violated Wis. Stat. §197(3)(a)(2) in two ways and notes that the statute provides for an award of $50,000 in punitive damages per violation. (ECF No. 10 at 1.) Further, Just Encase's notice of removal asserts that RNR seeks a judgment of monetary damages to be determined at trial, its reasonable attorney fees and costs, and punitive damages of $50,000 or "three times the amount of the sum of monetary damages, costs and attorney fees requested above, whichever is greater." (ECF No. 1 at 3.) Both the complaint and notice of removal suffice to satisfy the amount-in-controversy requirement.

Wis. Stat. Section 100.197(3)(b) sets forth a variety of requirements for patent notifications. A patent notification violates the statute under (2)(b) if it contains "false, misleading, or deceptive information," and under (2)(c)(2) if the notification lacks any statutorily required information and the notifier fails to supplement the target with that information within thirty days. Wis. Stat. §100.197(2) (2019–20). The statute further states that "[e]ach patent notification that

violates sub. (2)(b) or is the subject of a violation of sub. (2)(c)2. is a separate violation." §100.197(3)(c). A notification is "a letter, email, or other written communication attempting in any manner to enforce or assert rights in connection with a patent or pending patent." §100.197(1)(a). Finally, the statute allows recovery for violations through (1) "[a] temporary or permanent injunction . . .," (2) "[a]n appropriate award of damages," (3) "[t]he person's costs, and, notwithstanding limitations under s. 814.04(1), reasonable attorney fees," and (4) "[a]n award of punitive damages not to exceed $50,000 for each violation or 3 times the aggregate amount awarded for all violations under subds. 2. and 3., whichever is greater." Wis. Stat. §100.197(3)(b).

Under this statute, the complaint satisfies the amount-in-controversy requirement. RNR alleges that Just Encase sent the Accusing Letter through both email and "U.S. registered mail," and that those two transmissions may constitute two separate violations of the patent notification statute. (ECF No. 1-1 ¶¶27, 45.) Indeed, Just Encase seems to acknowledge that if the notification constitutes two violations, the punitive damages alone make the amount in controversy $100,000, and thus greater than the jurisdictional threshold of $75,000. (ECF No. 10 at 1–2.)

**II.      RNR Has Not Alleged that the Patentholder Acted in Bad Faith.**

Having confirmed that it has jurisdiction over the case, the Court must nevertheless dismiss the current complaint on preemption grounds. Federal patent law preempts state-law tort liability when a patentholder in good faith engages "in communications asserting infringement of its patent and warning about potential litigation." *Globetrotter*, 362 F.3d at 1377 (citing *Zenith Elecs. Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1355 (Fed. Cir. 1999)).

Under this well-established law, Just Encase has a right to contact potential infringers of its patent to notify them of the consequences of infringement. *Virtue v. Creamery Package Mfg. Co.*, 227 U.S. 8, 37–38 (1913); *Va. Panel Corp. v. MAC Panel Co.*, 133 F.3d 860, 869 (Fed. Cir. 1997), *cert. denied*, 525 U.S. 815 (1998). The Federal Circuit has long held that federal law preempts attempts to sue in state court for exercise of this right. *See, e.g.*, *Zenith Elecs. Corp.*, 182 F.3d at 1355. This preemption comes with a specific limitation, however. A patentholder, like Just Encase, does not have a right to contact infringers if its notification is sent in bad faith. *See Virtue*, 227 U.S. at 37–38 ("Patents would be of little value if infringers of them could not be notified of the consequences of infringement, or proceeded against in the courts."); *Zenith Elecs. Corp.*, 182 F.3d at 1353 ("[B]efore a patentee may be held liable under § 43(a) for marketplace activity in support of its patent, and thus be deprived of the right to make statements about potential

infringement of its patent, the marketplace activity must have been undertaken in bad faith."). Accordingly, state-law claims made on a showing of "bad faith" action in asserting infringement survive federal preemption. *Zenith Elecs. Corp.*, 182 F.3d at 1353. Even if bad faith is not a part of the state law tort claim, bad faith still "must be alleged and ultimately proven" to survive preemption of federal patent law.[2] *Dominant Semiconductors Sdn. Bhd. v. OSRAM GmbH*, 524 F.3d 1254, 1260 (Fed. Cir. 2008).

To survive a motion to dismiss on federal preemption, RNR must allege that Just Encase sent its patent notification letter in bad faith. *See Globetrotter*, 362 F.3d at 1374. Claims are objectively in bad faith when they are "objectively baseless." *Dominant Semiconductors*, 524 F.3d at 1260 (citing *Globetrotter*, 362 F.3d at 1375). Objective baselessness occurs when "no reasonable litigant could reasonably expect success on the merits." *Id.* (quoting *GP Indus., Inc. v. Eran Indus., Inc.*, 500 F.3d 1369, 1374 (Fed. Cir. 2007)).

Here, RNR has not pleaded that Just Encase's patent notification claim was made in bad faith. In fact, the complaint says nothing about Just Encase's state of mind in sending the patent notification communication. While the complaint alleges that Just Encase's infringement allegations are incorrect, there is no contention that the threat was made in bad faith. This renders the claim preempted by federal patent law and warrants dismissal. *See Globetrotter*, 362 F.3d at 1375.

RNR argues it has implicitly alleged bad faith based on the factual circumstances alleged in the complaint. (ECF No. 9 at 7–10.) Citing *Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 165 F.3d 891, 897 (Fed. Cir. 1998), it maintains that bad faith can be found upon a "threshold showing of incorrectness or falsity, or a disregard for either." (ECF No. 9 at 7). But this dramatically understates the proof requirements for a finding of bad faith and confuses the necessary with the sufficient. *Mikohn* stands for the proposition that a threshold showing of incorrectness, falsity, or disregard of either is required to find bad faith—not that it is by itself enough to find bad faith. *Id.* ("In general, a threshold showing of incorrectness or falsity, or disregard of either, is required in order to find bad faith in the communication of information about the existence or pendency of

---

[2] Defendant argues—with no support—that because Wis. Stat. §100.197 does not have a bad faith requirement, that alone "may well make the Wisconsin statute subject to preemption on its face." (ECF No. 6 at 5.) This contention is incorrect under *Dominant Semiconductors*. 524 F.3d at 1260 ("Federal patent law likewise preempts state-law tort liability when a patentee in good faith communicates allegations of infringement of its patent. As a result, 'bad faith must be alleged and ultimately proven, even if bad faith is not otherwise an element of the tort claim.'") (internal citations omitted) (quoting *Zenith Elecs. Corp.*, 182 F.3d at 1355).

patent rights. Indeed, a patentee, acting in good faith on its belief as to the nature and scope of its rights, is fully permitted to press those rights 'even though he may misconceive what those rights are.'") (quoting *Kaplan v. Helenhart Novelty Corp.*, 182 F.2d 311, 314 (2d Cir. 1950)). Wis. Stat. Section 100.197(c)(2) does allow for a grace period to correct a patent notification, but RNR instead says its complaint "rest[s]" on the fact that Just Encase's notification is "false, misleading, and/or deceptive." (ECF No. 1-1 ¶31.) Merely alleging that the infringement threat was incorrect is not enough to allege that the threat was made in bad faith.

The parties debate what evidence is necessary to establish bad faith and whether a plaintiff must show both objective and subjective bad faith to avoid preemption. (*See* ECF No. 6 at 4–6; ECF No. 9 at 7–10; ECF No. 10 at 2–4.) Because this case remains at the pleading stage and RNR has simply not alleged bad faith at all, the Court need not delve into these evidentiary issues, which are more appropriately addressed at summary judgment.

## CONCLUSION

For the reasons given above, **IT IS HEREBY ORDERED** that Defendant's motion to dismiss, (ECF No. 5), is **GRANTED without prejudice.**

**IT IS FURTHER ORDERED** that within 14 days of the date of this order, Plaintiff may file an amended complaint curing the defects in the original complaint as described in this decision. If Plaintiff does not file an amended complaint by the deadline, the Court will dismiss this action based on Plaintiff's failure to state a claim in the original complaint.

Dated at Milwaukee, Wisconsin on January 5, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge