UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RECK-N-RACK LLC,

    Plaintiff,

v.

               Case No. 22-cv-0503-bhl

JUST ENCASE PRODUCTS INC,

    Defendant.

---

## CLAIM CONSTRUCTION ORDER

---

  On April 8, 2022, Plaintiff Reck-n-Rack LLC (RNR) filed this lawsuit in Waukesha County Circuit Court, alleging that Defendant Just Encase Products Inc. (Just Encase) violated Wisconsin's "patent trolling" statute, Wis. Stat. § 100.197(2)(b), by falsely accusing RNR of infringing Just Encase's rights under U.S. Patent No. 8,016,106 (the '106 Patent). (ECF No. 1-1 ¶¶ 11, 44.) After removing the case to this Court, Just Encase moved to dismiss on federal preemption grounds. (ECF Nos. 5 & 6.) The Court granted the motion, dismissing RNR's first complaint based on its failure to allege that Just Encase acted in bad faith. (ECF No. 12.) But the dismissal was without prejudice and RNR rectified its pleading failure with an amended complaint that specifically alleged bad faith. (*Id.*; ECF No. 13 ¶¶41, 67–69.) RNR also asked the Court to declare the '106 Patent invalid and unenforceable. (*Id.* ¶¶71–89.) Just Encase responded with an answer and counterclaim for patent infringement, a pleading it has since amended. (ECF Nos. 14 & 15.) After a failed mediation effort, the Court entered a June 28, 2023 scheduling order, setting deadlines for claim construction briefs and a claim construction hearing. The parties have since filed their claim construction briefs, and the Court heard argument on their positions on December 19, 2023. The matter is therefore ripe for resolution, and this Order sets forth the Court's preliminary construction of the parties' disputed claim terms.

## PATENT BACKGROUND

  The patent at issue concerns a storage system for fishing tackle. It describes a tackle box constructed of strong and at least partially transparent plastic tops and sides, intended for holding

and storing artificial lures. The patent defines the system as containing vertically arranged compartments suitable for hanging fishing lures while also helping support the top so that anglers can stand on it. (ECF No. 13-4 at 2.)

## CLAIM CONSTRUCTION PRINCIPLES

The Patent Act requires that a patent application include a specification for the proposed patent. 35 U.S.C. § 111(a)(2)(A). The Act provides that the specification shall contain:

> a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor or joint inventor of carrying out the invention.

35 U.S.C. § 112(a). Section 112(b) requires the specification to "conclude with one or more claims particularly pointing out and distinctly claiming the subject matter" regarded as the invention. These two paragraphs "frame the issue of claim interpretation." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (en banc).

In the end, however, the claim terms themselves are preeminent. "It is a 'bedrock principle' of patent law that 'the claims of a patent define the invention to which the patentee is entitled the right to exclude.'" *Id.* (quoting *Innova/Pure Water, Inc. v. Safari Water Filtration Sys., Inc.*, 381 F.3d 1111, 1115 (Fed. Cir. 2004)). A patent's protections extend to the "full scope" of the claims and are not limited to preferred embodiments in the specification. *Kara Tech. Inc. v. Stamps.com Inc.*, 582 F.3d 1341, 1348 (Fed. Cir. 2009); *see also Comaper Corp. v. Antec, Inc.*, 596 F.3d 1343, 1348 (Fed. Cir. 2010) (cautioning "against limiting claims to a preferred embodiment"). While claims must be read in the context of the specification, a court must not read a limitation from the specification into the claims. *See Blazer v. Best Bee Bros. LLC*, 2022-1033, 2022 WL 16954848, at *4 (Fed. Cir. 2022).

Like the interpretation of a contract, the construction of patent claims is an issue of law for the Court. Accordingly, when the resolution of a patent infringement or patent validity dispute depends on the meaning of certain claim language, the Court must resolve the meaning of any disputed claim language. *See Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 376 (1996). Mindful of the Court's limited jurisdiction, it should only provide a construction of language that is in fact "in controversy, and only to the extent necessary to resolve the controversy." *See Vivid*

*Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 803 (Fed. Cir. 1999) (citing *U.S. Surgical Corp. v. Ethicon, Inc.*, 103 F.3d 1554, 1568 (Fed. Cir. 1997)).

As with contract interpretation, the Court's reading and definition of claim language must be centered on the words of the claim itself. *See Bell Commc'ns Rsch., Inc. v. Vitalink Commc'ns Corp.*, 55 F.3d 615, 619–20 (Fed. Cir. 1995). The Court gives those words their "ordinary and customary meaning" within the context of a patent and thus as the words would have been used and understood in the field of the invention by a person of ordinary skill in the art. *Phillips*, 415 F.3d at 1312–13. The Court looks to "those sources available to the public that show what a person of skill in the art would have understood disputed claim language to mean," including the claim terms themselves, along with the patent specification and the documents contained in the patent prosecution history. *Id.* at 1314 (quoting *Innova*, 381 F.3d at 1116).

In addition to this "intrinsic" evidence, the Court may also consult extrinsic sources, including expert and inventor testimony, dictionaries, and learned treatises. *Id.* at 1317. Reliance on extrinsic evidence should be done with caution, however, because it is generally considered "less reliable." *Id.* at 1318. While it may be used to "provide background on the technology at issue, to explain how an invention works, to ensure that the court's understanding of the technical aspects of the patent is consistent with that of a person of skill in the art, or to establish that a particular term in the patent or the prior art has a particular meaning in the pertinent field," it is prone to misuse. *Id.* at 1318–19. It is thus potentially helpful but "unlikely to result in a reliable interpretation of patent claim scope unless considered in the context of the intrinsic evidence." *Id.* at 1319.

"Definiteness is a statutory requirement for patentability." *Niazi Licensing Corp. v. St. Jude Med. S.C., Inc.*, 30 F.4th 1339, 1346 (Fed. Cir. 2022). Patent claims are indefinite "if, when 'read in light of the specification delineating the patent, and the prosecution history, [the claim] fail[s] to inform, with reasonable certainty, those skilled in the art about the scope of the invention.'" *BASF Corp. v. Johnson Matthey Inc.*, 875 F.3d 1360, 1365 (Fed. Cir. 2017) (alterations in original) (quoting *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 901 (2014)). "'Reasonable certainty' does not require 'absolute or mathematical precision.'" *Id.* (quoting *Biosig Instruments, Inc. v. Nautilus, Inc.*, 783 F.3d 1374, 1381 (Fed. Cir. 2015)). It exists "to strike a 'delicate balance', 'afford[ing] clear notice of what is claimed' while recognizing such inherent limitations." *Niazi*, 30 F.4th at 1346 (alteration in original) (quoting *Nautilus*, 572 U.S.

at 909). Because a patent is presumed valid under 35 U.S.C. § 282, a party arguing a claim is indefinite has the burden of proving indefiniteness by clear and convincing evidence. *Biosig Instruments*, 783 F.3d at 1377 (citing *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 95 (2011)).

## DISPUTED CLAIM TERMS

The parties have identified several claim terms and phrases for which they offer differing constructions. (ECF No. 35.) RNR offers a series of proposed clarifying constructions for some terms and argues that others are indefinite. (*Id.*; ECF No. 32 at 16–24.) For its part, Just Encase argues that construction is largely unnecessary because none of the terms have a special, technical meaning and all are used in a manner consistent with their ordinary use. (ECF No. 33 at 3–5.) Just Encase also accuses RNR of proposing constructions that are "transparent efforts to create noninfringement arguments." (*Id.* at 4.) While the Court makes no findings with respect to either party's intentions, it largely agrees with Just Encase that the words and phrases used are common and subject to understanding without further explication or construction.

1. **"between the sides" (Claim 1); "between the side panels" (Claim 12); and "between the vertical side panels" (Claim 17)**

The parties first dispute the meaning of the terms "between the sides," "between the side panels," and "between the vertical side panels." (ECF No. 35 at 1.) RNR maintains construction of these terms is required because the Patent does not define "between the sides," and the subtle variations on this language throughout the Patent indicate "at least some kind of difference between the phrases." (ECF No. 32 at 17.) RNR further insists that defining "between the sides" to mean "extending approximately an entire distance from one side to another" is appropriate because this language is derived from the language of the patent specification itself. (*Id.*)

Just Encase counters that construction is unnecessary because these terms are used in the patent claim consistent with their ordinary meaning. (ECF No. 33 at 5–7.) It also accuses RNR of attempting to manufacture a construction to support non-infringement arguments. (*Id.* at 6.) Just Encase insists RNR's proposed construction changes the claim and is inconsistent with the usage described in the patent, including Figure 4A. (*Id.*) It argues that the plain language should control. (*Id.* at 7.)

The Court agrees with Just Encase that no construction is necessary. The phrases at issue use common English terms within the ordinary understanding of the Court and jurors. Neither party has introduced any evidence suggesting that these words have special meaning to a person

skilled in the art. Accordingly, the Court will simply adopt the words used in the patent without further definition or construction. *See Phillips*, 415 F.3d at 1314.

### 2. "supported on the dividers and the sides" (Claim 1); "supported on the vertical divider panels and the side panels" (Claim 12); and "supported on the divider panels and the side panels" (Claim 17)

The parties next dispute a series of phrases, all of which use the term "supported." RNR argues that these phrases should be construed to mean:

- "in simultaneous contact with the plurality of dividers arranged in first and second transverse orientations and the plurality of sides" (Claim 1)
- "in simultaneous contact with the plurality of vertical divider panels arranged in first and second transverse orientations and the plurality of side panels" (Claim 12)
- "in simultaneous contact with the plurality of divider panels arranged in first and second transverse orientations and the plurality of side panels" (Claim 17)

(ECF No. 32 at 18.)

RNR thus replaces the words "supported on" with "in simultaneous contact with" and adds "plurality of" before dividers. It also seeks to construe the term by adding language concerning the arrangement and orientation of the side panels. (*Id.* at 18–19.) RNR contends that this additional language is necessary to capture claim limitations added during prosecution. (*Id.* at 19.) It further clarified at oral argument that the "simultaneous" language in the construction is to ensure the "timing" of the panels' support is reflected in the claim language. (ECF No. 38 at 13:4–11.)

In briefing and at oral argument, Just Encase countered that the additional proposed language is difficult to understand, would not be helpful to a jury making the infringement determination, and is not supported by the intrinsic evidence. (*Id.* at 11:12–12:25; ECF No. 33 at 7.) It insists RNR's constructions make unnecessary and overly complicated changes to the simple words used in the claim. (ECF No. 38 at 11:12–19; ECF No. 33 at 7.)

The Court again agrees with Just Encase. Rather than offering a proposed construction of claim terms, RNR offers a rewriting of the claims, using language that is far more complicated and difficult to understand. This is contrary to the entire point of claim construction. *See Phillips*, 415 F.3d at 1314 ("[T]he ordinary meaning of claim language as understood by a person of skill in the art may be readily apparent even to lay judges, and claim construction in such cases involves little more than application of the widely accepted meaning of commonly understood words."). The

Court will adopt Just Encase's position and leave these claim terms to be understand as written without further and unnecessary construction.

### 3. "transparent"

At oral argument, the parties discussed their concerns with the term "transparent." After responding to questions from the Court, the parties ultimately agreed that transparent should be construed to mean "allowing the transmission of light . . . in order to provide interior views of the contents." (ECF No. 38 at 20:23–21:5.) The Court will adopt the agreed-upon construction.

### 4. "nested" (Claim 12)

As with the prior term, the parties and Court discussed the competing concerns over the term "nested." With help from the Court, the parties agreed that "nested" should be construed to mean "one panel partially positioned within another." (*Id.* at 21:12–27:6.) The Court will again adopt the agreed upon construction.

### 5. "the top" (Claim 1)

The parties also dispute the claim term "the top." RNR urges the Court to hold that this term cannot be construed with reasonable certainty because "top" is never used as an object or noun in the Patent description. (ECF No. 32 at 22.) In the alternative, RNR argues that the term should be construed as "the cover in its entirety." (*Id.* at 23.)

Just Encase argues that "the top" is a term within the common understanding of the Court and jury. (ECF No. 33 at 9.) It maintains "the top" as it relates to the patent is clear from the patent itself, making further construction unnecessary. (*Id.*) It again accuses RNR of contriving a definition to construct a non-infringement argument and insists "the top" is not the same as "the cover in its entirety." (*Id.*) Just Encase also disputes RNR's indefiniteness argument. It notes that patents are presumed valid and, citing *BASF Corp.*, points out that RNR must prove indefiniteness by clear and convincing evidence. (*Id.*) It urges that the challenged terms are not indefinite and can be understood and applied, noting that RNR offers no one skilled in the art who thinks otherwise. (*Id.* at 9–10.) At oral argument, Just Encase also argued that a finding of indefiniteness requires testimony from someone skilled in the art. (ECF No. 38 at 29:10–21.)

The Court again agrees with Just Encase that no construction is necessary. "The top" is not an indefinite term, and, in any case, cover in its entirety is not the same as "top."

6. **"sufficient horizontal area, strength and rigidity for the cover to support two or more adult anglers"**

The parties next dispute a claim term that RNR again argues cannot be construed with reasonable certainty and is indefinite. (ECF No. 32 at 20.) At oral argument, RNR explained that because the language lacks an "upper limit," it is indefinite. (ECF No. 38 at 31:6–12.) In support of this proposition, RNR cited *Haliburton Energy Servs., Inc. v. M-I LLC*, 514 F.3d 1244 (Fed. Cir. 2008), which states that "[e]ven if a claim term's definition can be reduced to words, the claim is still indefinite if a person of ordinary skill in the art cannot translate the definition into meaningfully precise claim scope." RNR also emphasizes the importance of "anglers." (ECF No. 32 at 20–21.) In the alternative, RNR asks that the phrase be construed to mean "adequate horizontal surface area able to support two or more adults while angling." (*Id.* at 20.)

Just Encase counters that the language used needs no construction and that RNR "illogically seeks to eliminate 'strength and rigidity'" from the claim with no support in the intrinsic evidence. (ECF No. 33 at 8.) It also argues that the claim term is not indefinite, particularly when read in light of the specification. (*Id.* at 9–10.) At oral argument, Just Encase emphasized that the lack of upper limit does not make the claim term indefinite because the claim terms supply a lower limit. (ECF No. 38 at 33:14–21.)

The Court again declines to adopt RNR's proposed language and agrees with Just Encase that no construction is necessary. *Halliburton*, which RNR relies upon, does not state that all claim language without an "upper limit" is indefinite; it states that "when a limitation is ambiguous as to . . . an upper bound, an inquiry into the definiteness of that limitation is warranted." 514 F.3d at 1253 n.5. In this case, "two or more" in the context of the specification is not indefinite. A person of ordinary skill in the art can understand "two or more adult anglers" to understand that if two people stand on a tackle box—while angling, or otherwise—and it collapses, it is not the patented box. The language RNR proposes does not make the claim term any more understandable. The Court accordingly will read the language as it is stated in the patent without further construction.

7. **"the bottom panel" (Claim 1); "the cover panel" (Claims 10 & 11); "the side panels" (Claim 10); "the side panel" (Claim 10)**

The parties' next disputes concern a series of terms using the word "panel" or "panels." RNR insists, again, that all of these terms are indefinite because it is unclear to what they reference. (ECF No. 32 at 23–24.) At oral argument, RNR clarified that the claims have indefiniteness within indefiniteness issues which would be confusing for a layperson. (ECF No. 38 at 35:25–36:1.) Just

Encase argues that these terms are all clear and definite, and at oral argument, made the "dangerous statement" that it would be difficult, if not impossible, to find a court who found a claim term was indefinite without an expert supporting that conclusion. (ECF No. 38 at 36:6–15.)

The Court once again agrees with Just Encase that the claims are not indefinite. These terms are easily understandable and RNR has not met its burden to show that they are indefinite. *See Biosig Instruments*, 783 F.3d at 1377. The Court will again decline to construct the claim.

### 8. "the tackle storage system" (Claim 11)

The parties' final dispute concerns RNR's contention that the phrase "the tackle storage system" is indefinite and its insistence that the claim is unclear on what this phrase references. (ECF No. 32 at 23.) At oral argument, RNR admitted that "the top" was the "really problematic" claim term, and largely ignored the other claims it insists are indefinite. (ECF No. 38 at 35:6–36:4.) Just Encase argued again that this term is clear and definite and reiterated that RNR has failed to show through clear and convincing evidence that it is indefinite. (ECF No. 38 at 36:6–15.)

The Court again agrees with Just Encase. RNR has not carried its burden of showing that this phrase is indefinite, which it must do by clear and convincing evidence. *See Biosig Instruments*, 783 F.3d at 1377. Its generic assertion and argument that this claim, along with five others, is indefinite because of a lack of an "antecedent basis" is not enough to sustain this burden. "The tackle storage system" makes clear to what the claim refers: "[a] storage system" in the first few lines of Just Encase's patent and shown in the first four figures. (*See* ECF No. 33-6 at 2–7.) The Court will therefore adopt no construction for this claim term, either.

### SUMMARY OF THE COURT'S CONSTRUCTION RULINGS

| Claim Term | RNR's construction | Just Encase's construction | Court's Construction |
|---|---|---|---|
| "between the sides" | "extending approximately an entire distance from one side to another" | Plain meaning (no construction necessary) | No construction necessary |
| "between the side panels" | "extending approximately an entire distance from one side panel to | Plain meaning (no construction necessary) | No construction necessary |

| | "another" | | |
|---|---|---|---|
| "between the vertical side panels" | "extending approximately an entire distance from one vertical side panel to another" | Plain meaning (no construction necessary) | No construction necessary |
| "supported on the dividers and the sides" | "in simultaneous contact with the plurality of dividers arranged in first and second transverse orientations and the plurality of sides" | Plain meaning (no construction necessary) | No construction necessary |
| "supported on the vertical divider panels and the side panels" | "in simultaneous contact with the plurality of vertical divider panels arranged in first and second transverse orientations and the plurality of side panels" | Plain meaning (no construction necessary) | No construction necessary |
| "supported on the divider panels and the side panels" | "in simultaneous contact with the plurality of divider panels arranged in first and second transverse orientations and the plurality of side panels" | Plain meaning (no construction necessary) | No construction necessary |
| "transparent" | "not painted and otherwise not made opaque" | Plain meaning (no construction necessary) | "allowing the transmission of light in order to provide interior views of the contents" |

| | | | |
|---|---|---|---|
| "nested" | "at least partially positioned one vertical divider panel within another" | Plain meaning (no construction necessary) | "one panel partially positioned within another" |
| "the top" | Cannot be construed with reasonable certainty required under 35 U.S.C. § 112;<br><br>alternatively: "the cover in its entirety" | Plain meaning (no construction necessary) | No construction necessary |
| "sufficient horizontal area, strength and rigidity for the cover to support two or more adult anglers" | Cannot be construed with reasonable certainty required under 35 U.S.C. § 112;<br><br>alternatively: "adequate horizontal surface area able to support two or more adults while angling" | Plain meaning (no construction necessary) | No construction necessary |
| "the bottom panel"; "the cover panel"; "the side panel[s]"; "the tackle storage system" | Cannot be construed with reasonable certainty required under 35 U.S.C. § 112; | Plain meaning (no construction necessary) | No construction necessary |

## CONCLUSION

The parties' disputed claim language is construed as noted in the charts and for the reasons set forth above. The remaining deadlines will proceed consistent with the parties' joint proposed Rule 26(f) report:

- Disclosure of opening expert reports due on or before **April 3, 2024**.
- Disclosure of rebuttal expert reports due on or before **May 1, 2024**.
- Close of discovery **May 29, 2024**.

- Dispositive motions due on or before **June 26, 2024**.

(*See* ECF No. 28 at 2.) Responses and optional replies to dispositive motions must be filed within the deadlines prescribed by the Local Rules.

Accordingly,

**IT IS HEREBY ORDERED** that the parties' disputed claim language is construed as noted in the charts above.

**IT IS FURTHER ORDERED** that the schedule for expert reports, close of discovery, and dispositive motions is as noted above.

Dated at Milwaukee, Wisconsin on March 6, 2024.

                                                s/ *Brett H. Ludwig*
                                                BRETT H. LUDWIG
                                                United States District Judge