UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RECK-N-RACK LLC,

        Plaintiff,

v.

                                      Case No. 22-cv-0503-bhl

JUST ENCASE PRODUCTS INC,

        Defendant.

## ORDER ON MOTION TO COMPEL

        On April 8, 2022, Plaintiff Reck-N-Rack LLC (RNR) filed a complaint against Defendant Just Encase Products Inc. (Just Encase) alleging that Just Encase violated Wisconsin's patent trolling statute by falsely accusing RNR of patent infringement. (ECF No. 1.) Just Encase responded with a motion to dismiss, which the Court granted but then allowed RNR fourteen days to file an amended pleading. (ECF Nos. 5 & 12.) On January 19, 2023, RNR filed an amended complaint, clarifying its patent trolling claim and adding claims for declaratory relief based on the alleged invalidity and unenforceability of Just Encase's patent. (ECF No. 13.) Just Encase answered and added its own patent infringement counterclaim against RNR. (ECF No. 14.) After a failed mediation effort, the parties submitted claim construction briefs and, after a *Markman* hearing, the Court issued a claim construction order on March 6, 2024. (ECF Nos. 26, 32, 33, 37.) The Court's March 6, 2024 Order also set a schedule for further proceedings, including a May 29, 2024 discovery cutoff and a June 26, 2024 dispositive motion deadline. (ECF No. 39.)

        After the expiration of the discovery cutoff and just over a week before the dispositive motion deadline, on June 18, 2024, RNR filed two expedited motions. (ECF Nos. 40 & 41.) The first motion was unopposed and asked for an extension of the dispositive motion deadline. (ECF No. 40.) The Court granted that motion the same day. (ECF No. 43.) RNR's second motion asked the Court to "declar[e] invalid" two "Rule 68" settlement offers made by Just Encase on grounds the offers did not comply with the rule. (ECF No. 41.) The Court set a hearing on the motion for July 18, 2024. (ECF No. 44.)

Before the hearing on the settlement offers, RNR filed three more expedited motions. (ECF Nos. 48, 51 & 54.) Through these latest motions, RNR asked the Court to compel Just Encase to produce a variety of sales records, to order Just Encase to participate in a "dispositive motion conference," and to further extend the dispositive motion deadline to August 9, 2024. (ECF Nos. 48, 51, 54.)

During the July 18, 2024 telephone hearing, the Court addressed all of the pending motions. The Court denied RNR's motion concerning the Rule 68 offers, concluding the issue was not yet ripe. The Court also denied the motion to compel the dispositive motion conference. When Just Encase agreed not to oppose the additional extension of the dispositive motion deadline, the Court granted that request and gave the parties until August 9, 2024 to file their motions. (*See* ECF No. 57.) Just Encase asked to file a formal response to the final motion—concerning RNR's request that the Court compel Just Encase to produce additional sales records—and the Court therefore took that motion under advisement. (ECF No. 48.) Before doing so, however, the Court noted that the motion was untimely and questioned why the additional discovery was material given Just Encase's acknowledgement on the record that it was not seeking damages on its patent infringement counterclaim. (ECF No. 57.) RNR suggested the records related to a potential "false marking" claim but admitted that its affirmative defense raising the issue was specifically tied to Just Encase's counterclaim damages. (*Id.*) The Court encouraged the parties to continue to try to resolve the outstanding discovery issue.

On July 25, 2024, Just Encase responded to the final motion. Just Encase explains that it objects to the document request because it has already produced hundreds of pages of sales documents and has further offered to produce a report providing additional detail to resolve the motion. (ECF No. 60 at 1–2.) It reports that RNR remains unwilling to accept the additional report, apparently insisting on obtaining the data underlying a Microsoft Excel Pivot Table, the production of which Just Encase contends is overly burdensome and not commensurate with any relevance the information has to the issues in the case. (*See* ECF No. 61-1 at 6.)

Given the parties' efforts at a consensual resolution, the Court ordered RNR to file a reply and explain why the report Just Encase had offered to produce was insufficient to meet RNR's legitimate discovery needs. (ECF No. 62.) RNR's written reply explains that it was unable to agree to accept the report because of "Just Encase's incomplete and varied descriptions" and insists Just Encase should simply agree to produce all the responsive information. (ECF No. 63 at 1.)

RNR admits that Just Encase's proffered document "would be a start" but contends it should have been produced previously and "still does not completely satisfy" Just Encase's discovery responsibilities. (*Id.* at 2.) In RNR's view, the Excel spreadsheet merely summarizes Just Encase's revenue by year, but RNR insists it must cite to or provide the actual underlying sales documents. (*Id.* at 3.)

The Court will largely deny RNR's motion. As the Court stated at the July 18, 2024 telephone hearing, this is an issue that should not have required Court involvement. (ECF No. 57.) The motion itself is untimely; discovery closed several weeks ago. RNR's motion should have been brought *before* the discovery cutoff, consistent with the Court's local rules. Moreover, as discussed during the Court's call with the parties, the relevance of the information at issue is questionable given Just Encase's concession that it is no longer seeking damages on its counterclaim. To the extent this information remains relevant, RNR has not explained why its insistence on the underlying documents and data are proportional to RNR's legitimate discovery needs. Instead, RNR continues to insist on trying to impose what appear to be overly broad and costly burdens on its litigation adversary. The Court will not encourage such behavior, particularly given the untimeliness of the motion. Accordingly, the Court will order Just Encase to produce only the report that it described in its response brief. Otherwise, RNR's motion is denied. The parties are directed to focus on the upcoming dispositive motion deadline, which the Court will not be inclined to extend further.

Accordingly,

**IT IS HEREBY ORDERED** that RNR's Expedited Rule 7(h) Motion to Compel Production of Sales Records, ECF No. 48, is **GRANTED, in part**. Just Encase is ordered to provide the report described in its response brief to RNR's motion. (*See* ECF No. 60.) RNR's motion is **DENIED** in all other respects.

Dated at Milwaukee, Wisconsin on July 30, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge